GUSTAFSON v. WIND ET AL.

1. **Intoxicating Liquors:** UNLAWFUL SALE OF TO HUSBAND: ACTION BY WIFE FOR DAMAGES: PLEADING: EVIDENCE. In an action by a woman for damages occasioned by the unlawful sale of intoxicating liquors to her husband, where the owner of the saloon building was not made a party, and it was not sought to create a lien upon the building for the damages, a description of the saloon property in the petition was mere surplusage, and plaintiff was not limited to the proof of damages occasioned by sales made in the building so described.

2. ———: ———: ———: EVIDENCE. In consideration of the defense made in this case, evidence of sales made more than two years prior to the beginning of the action was properly admitted as rebutting testimony.

3. **Exemplary Damages: NO AVERMENT FOR NECESSARY IN PLEAD-
ING.** Exemplary damages are not the subject of a claim in the sense
that it is necessary to make an averment thereof in the petition; but
such damages may always, in a proper case, be allowed by the jury
without any such averment.

*Appeal from Wapello District Court.*

SATURDAY, DECEMBER 8.

ACTION to recover damages of the defendants for alleged
unlawful sales of intoxicating liquors to plaintiff's husband,
by reason of which plaintiff was injured in her person, pro-
perty and means of support. There was a trial by jury,
which resulted in a verdict and judgment for the plaintiff.
Defendants appeal.

*Stiles & Beaman* and *W. W. Cory*, for appellant.

*Moore & Steck*, for appellee.

ROTHROCK, J.—I. The petition was filed on the 25th day of
July, 1882, and it was alleged therein that the defendants had
for two years prior to that time unlawfully sold liquors to
plaintiff's husband. One J. H. Whitney was

1. INTOXICA-
TING liquors:
unlawful sale
of to hus-
band: action
by wife:
pleading:
evidence.

named in the petition as a defendant, and it was
alleged that he was the owner of the building
where the other defendants kept and sold liquors,
and that such sales were made with his knowl-
edge and consent, and the property of Whitney was described
as being on Second street, between Court and Market streets,
in the city of Ottumwa. It does not appear that Whitney
was served with notice of the action. He made no defense,
and the cause was tried as against the other defendants with-
out any reference to establishing a lien against the saloon
property. It appeared on the trial that the defendants had
not sold liquors in the building owned by Whitney for two
years, but that for part of that time they had been engaged
in that business on the corner of Market and Second streets,

in Ottumwa. The court permitted the plaintiff to prove sales of liquors by the defendants to the plaintiff's husband at the place last above named. The defendants objected to this evidence, and they asked the court to instruct the jury that "under the issues plaintiff, if entitled to recover, would be limited to injuries produced by the sale of liquors sold at the premises described in the petition, and alleged to belong to J. H. Whitney." The court refused to give this instruction. It is urged by counsel for defendant that this ruling of the court was erroneous.

There might be good ground for objection to this evidence if Whitney had been made a party to the action, and if it had been sought to charge his property with any damages which might be recovered of the other defendants. But, as Whitney was not a party, the description of the saloon property was wholly immaterial, and surplusage. The defendants were liable for damages for liquors sold to plaintiff's husband, without regard to any particular building. Besides, the record does not show that the defendants were taken by surprise by the evidence complained of, and the variation between the allegation and the proof is not such as seems to us to have been material, in view of the fact that the allegation itself was wholly immaterial.

II. It appears that the court also permitted the plaintiff to prove sales made by the defendant at times prior to two years before the commencement of the suit, and 2. —: —: —: evidence. this is made the ground of complaint upon the part of appellants. The bill of exceptions does not contain all the evidence. And it does not appear therefrom in what connection or at what stage of the trial this evidence was introduced. The defendants in their answer averred that plaintiff's husband had "been a confirmed toper for years; that long before these defendants engaged in business, which was recently, he was in that condition, and had been for a long time before, and that such condition was in no manner created by any act of defendants." It is to be

Gustafson v. Wind et al.

presumed that the defendants supported this allegation by proof, and thereby sought to show that they should not be held responsible for making a drunkard of plaintiff's husband. In rebutting this, it would be competent to show that defendants were not blameless, as they alleged, but that sales were made by them even more than two years before the commencement of the action. The court instructed the jury that the plaintiff could recover damages by the illegal sales of liquors to the husband within two years of the commencement of the suit. It is not claimed that the court permitted original evidence of sales prior to two years to be introduced, and, indeed, in view of the instructions, it is evident that such evidence was not introduced, and, under the issues made by the defendants as to the plaintiff's husband's previous habits, and their agency in bringing him to his besotted condition, the evidence now under consideration was competent as rebutting or impeaching evidence.

III. It was alleged in the petition that the plaintiff had been damaged in her person, property and means of support, in the sum of five thousand dollars. The jury returned a verdict of five hundred and fifty dollars.

3. EXEMPLARY damages: no averment necessary for in pleading.

The court refused to instruct the jury at the instance of the defendants that the plaintiff was not entitled to exemplary damages, and this refusal, together with the instructions of the court to the contrary, is made the ground of complaint by appellants' counsel. It is urged that no exemplary damages can be allowed, because the plaintiff demanded no such damages in her petition. We do not think such an allegation was necessary. Exemplary damages are not the subject of a claim in the sense that it is necessary to make averment thereof in the petition. The cause of action is founded upon injury to the person, property and means of support. Where it is shown that damages have been suffered in any of these respects, it is in the discretion of the jury, in a proper case, to add to the verdict such a sum as they think proper as exemplary damages.

AFFIRMED.