J. W. TOMLINSON v. THE WILMINGTON AND SEA-COAST RAIL-ROAD COMPANY.

*Exemplary Damages — Passengers — Railroad — Train — Expulsion — Rudeness — Malice.*

To entitle a passenger to exemplary damages for his wrongful expulsion from a train, there must be evidence of undue force, unnecessary rudeness, or insult, malice, or some wilful wrong accompanying his ejection.

This was a CIVIL ACTION, tried at May Term, 1890, of CUMBERLAND Superior Court, before *Brown, J.*

The plaintiff was ejected from defendant's car by the conductor for refusing to pay an extra charge for neglect to buy a ticket at the station.

The plaintiff testified, in reference to the manner and conduct of the conductor at the time when he was compelled to leave the train, as follows: "I first offered twenty-five cents for a round-trip ticket. He refused. I then offered twenty-five cents for a single-trip ticket from Wrightsville to Wilmington. He refused, and demanded the extra charge for not having a ticket, which I refused to pay. I cannot state any word the conductor used. He did not touch me or

McLaughlin. He used no insulting language. He stopped the train and told us we must get off, and we did so. I thought he was harsh and ungentlemanly."

Question by the Court: "State any violent act, or any rudeness or insult offered by the conductor."

Plaintiff replied: "Conductor did not touch me or use any improper language; only told us we would be compelled to leave the train or pay full fare demanded by him. We were made to leave the train near the place called the Commissary, and walk to Wilmington."

W. G. McLaughlin testified in behalf of the plaintiff, in reference to the same matter, as follows: "Conductor said if we did not pay regular fare he would stop the train and put us off; conductor did not use any insulting language, or touch either of us; he only said if we did not get off he would put us off; he told us not to get up behind the train; conductor did not touch either of us; we got off after what he said; I thought he was harsh towards us; he did not use any profane or insulting language; spoke in usual voice, but said repeatedly that we must get off or pay regular fare demanded by him."

The plaintiff offered no other testimony as to the manner, language or acts of the conductor at the time of putting him and his companion off the train.

The conductor testified in behalf of defendant, in relation to the same transaction, among other things, as follows: "Plaintiff refused to pay twenty-five cents, and told me to put him off; I offered to pay fare for him; he said he did not want me to do so, and told me to stop the train and he would get off; I stopped the train about one hundred yards from a small regular station; many other persons got off at the same place; it was five miles from Wilmington; the company were selling special tickets to soldiers in uniform, at twenty-five cents, but the plaintiff had on no uniform, nor

any soldier's ticket; the regular fare was twenty-five cents one way, and fifty cents for round-trip."

The plaintiff had testified that he had on militia, or State Guard, uniform. That after tendering twenty-five cents for a round-trip ticket, he offered to pay same amount for a single ticket, but the conductor demanded an extra charge for failure to get ticket.

It is not necessary to give the testimony of other witnesses introduced for the defendant.

The plaintiff requested the Court to charge, that if the jury believe the defendant put the plaintiff off its train unlawfully, they are entitled, if they see fit, to award such damages as, in their opinion, will compensate the plaintiff for his unlawful ejectment, and may, also, add to that such other damages, by way of punishment for the unlawful act towards plaintiff. The prayer was refused, so far as it relates to punitive damages. Upon the subject of exemplary damages, the Court instructed the jury, that in this case the evidence was not sufficient, in any view of it, to entitle the plaintiff to recover punitive damages,. The plaintiff excepted to the refusal to give the instruction asked, and to that given, and assigned as error the refusal to charge that the jury might allow exemplary damages.

*Mr. T. H. Sutton,* for plaintiff.

*Messrs. E. C. Smith* (by brief) and *John Devereux, Jr.,* for defendant.

AVERY, J.—after stating the facts: The rule laid down by this Court in *Rose* v. *Railroad,* 106 N. C., 170, was, that "where a passenger is unlawfully expelled from a railway train, he is entitled to recover the actual damages that he sustained therefrom, and if the expulsion is attended with undue force, or other aggravating circumstances calculated to humiliate the passenger, or wound his pride, or if the

passenger be lawfully ejected, but undue force used, accompanied by fraud, or an exhibition of malice, rudeness, recklessness, or other wilful wrong, such exemplary damages may be allowed as the jury think are warranted by the facts." *Knowles* v. *Railroad,* 102 N. C., 66; *Holmes* v. *Railroad,* 94 N. C., 318.

We concur in the conclusion reached by his Honor, that the plaintiff was not entitled to recover in any view of the evidence, and it is needless, in support of our opinion, to do more than reproduce what has already been said by this Court in one case, and cite others sustaining the same principle. " The fact that the plaintiff was wrongfully expelled places him in no more favorable attitude, as a claimant of punitive damages, than if he had been rightfully ejected, but in an unlawful and unwarranted manner, or with undue force. It is an essential prerequisite to the acquisition of the right to recover exemplary damages for the wrongful expulsion of a passenger from a train, that there should be evidence of undue force, unnecessary rudeness in the application of the force, or insult, malice, or some wilful wrong accompanying the act of ejecting him, or causing him to leave the train." *Rose* v. *Railroad, supra,* and authorities there cited.

There is no error, and the judgment is affirmed.

Affirmed.