L. F. BROOKS v. JAMESVILLE AND WASHINGTON RAILROAD COMPANY.

*Action for Damages—Common Carrier—Excursion Ticket— Defective Equipment—Punitive Damages.*

(For syllabus, see *Hansley* v. *Jamesville and Washington Railroad*, at this term.)

Action for damages, heard before *Graves, J.,* and a jury at Fall Term, 1893, of BEAUFORT Superior Court.

The facts are the same as those of *Hansley* v. *Railroad*, page 602, *supra.*

Defendant appealed from the judgment for plaintiff.

*Mr. Charles F. Warren,* for plaintiff.
*Mr. John H. Small,* for defendant (appellant).

AVERY, J.: Though a critical examination of the assignments of error shows that some of the instructions given to the jury and excepted to by defendant were erroneous, upon different grounds, yet we deem it best to hold that this case depends upon the principle announced in the opinion in *Hansley* v. *Railroad*, filed at this term, in reference to the allowance of vindictive damages, and therefore we grant a new trial.

CLARK, J. (dissenting): When damages are special, and do not necessarily accrue from the act complained of, the facts out of which they arise must be specially averred in the pleadings. But exemplary damages are not the subject of a claim in the sense that it is necessary to make an averment thereof in the complaint. Such damages may be allowed by the jury without being specially pleaded, if they find that the injury complained of was committed in such a

manner as justifies the addition of punitive or exemplary damages to the compensatory damages allowed. 1 Boone on Code Pleading, § 140; *Gustafson* v. *Wind*, 62 Iowa, 281; *Railroad* v. *Arnold*, 90 Ala., 159; *Wilkinson* v. *Searcy*, 76 Ala., 176; 2 Thompson Neg., § 1245; *Panton* v. *Holland*, 17 Johns, 92; *Taylor* v. *Holman*, 45 Mo., 371. Such was the rule at common law, and *The Code* was not in the direction of mere technical pleading. This rule has been uniformly observed in this State. *Knowles* v. *Railroad*, 102 N. C., 59.

In *Purcell* v. *Railroad*, 108 N. C., on page 418, it is said: " If the tort was committed by carelessness or inadvertence, the plaintiff would be restricted to compensatory damages, as no special damages were alleged and shown. But if the defendant's conduct was wilful, or showed such gross negligence as to indicate a wanton disregard of the rights of the plaintiffs, he was entitled to recover punitive damages in addition." This is an action for tort. Bishop Non-Contract law, §§ 73, 74; Thompson on Carriers, § 544; Redfield on Carriers, § 414; *Purcell* v. *Railroad*, 108 N. C., on page 422. Whether in such actions the jury shall add exemplary damages to the compensatory damages given arises upon the proof, and is not a matter of pleading. In some of the States exemplary damages are not allowed at all. It is settled in this State, in conformity with the rule generally obtaining elsewhere, that in a proper case the jury may add such damages to the compensatory damages given. *Johnson* v. *Allen*, 100 N. C., 131; *Bowden* v. *Bailes*, 101 N. C., 612; *Knowles* v. *Railroad, supra; Gilreath* v. *Allen*, 32 N. C., 67. A most interesting and instructive discussion as to the origin and nature of exemplary damages, and a summary of the jurisdiction and instances in which allowed, will be found in 1 Sedgwick on Damages, 8th Ed., 1891, ch. 11, pages 500–548. It only remains to consider if this is one of the cases in which the jury would be authorized to allow such damages.

The Judge correctly charged the jury as follows:

115—40

" (3). If you answer the third issue (*i. e.*, did the defendant negligently fail to transport the plaintiff, as alleged in the complaint?) in the negative, the plaintiff would be entitled only to compensatory damages.

" (12). If the defendant failed to provide proper means for the transportation of passengers, as for instance for the plaintiffs in this case, as they had undertaken to do, wantonly and wilfully, the jury may give punitive or punishing damages, and the amount of such is largely a matter for the jury to determine, but the Court will supervise, to see that no harm is done."

The charge of his Honor is full and carefully considered, to which several exceptions were taken, but its correctness depends, after all, upon the legal proposition involved in this section 12.

It is settled in this State that punitory damages can be given against a common carrier for wilful and wanton disregard of its duties to the public, and that these can be recovered in addition to compensation, by any passenger injured by such conduct of the company. *Purcell* v. *Railroad, supra,* citing *Heirn* v. *McCaughan,* 32 Miss., 1.

In *Railroad* v. *Hurst,* 36 Miss., 660, the Court say it is " the right of the jury in such cases to protect the public by punitive damages against the negligence, folly or wickedness which might otherwise convert these great public blessings into the most dangerous nuisance."

It is contended, however, that though punitive damages are allowed in this State, they cannot be recovered against a corporation—

" 1. Because there is a remedy by proceedings to vacate the charter upon failure to discharge its duties properly.

" 2. That if the track and rolling stock were in the frightful condition shown by the evidence, application could have been made to the Railroad Commission to have them put in order.

" 3. Because the defendant expended on its track and rolling stock the earnings of the road, and it was compelled to do no more.

" 4. That the plaintiff was guilty of contributory negligence in traveling over a railroad which was in such terrible condition."

As to exception 1, if the plaintiff had been wealthy, public-spirited, possessed of leisure and a knowledge of the condition of defendant's road and rolling stock (none of which things are in proof), he might, if so inclined, have taken proceedings to have the defendant's charter vacated. But even then it would not be incumbent upon him to do so. Besides, it is not clear that a failure to properly convey the plaintiff, according to contract time, would entitle him to vacate the charter, and the condition of the road only violated his individual rights to that extent.

*Exception 2.*—For the same reasons, and because the plaintiff could not foresee that he would wish to use the defendant's road, the plaintiff's failure to apply to the Railroad Commission neither cures the defendant's wilful and wanton negligence, nor deprives the plaintiff of his remedy in this action. Instead, it is for these very reasons that, where a *quasi* public corporation has wilfully and wantonly failed to discharge its duties, punitive damages are allowed to a private party who undertakes to punish the corporation by an action prosecuted at his own cost.

*Exception 3.*—Neither is it a defence that the defendant expended its earnings on the road. It was notified by its superintendent of the dangerous condition of the road and rolling stock, and that the earnings were not sufficient to put them in proper order. To continue to hold itself out thereafter as a common carrier and invite travel, without putting the property into a safe condition, was wanton and wilful negligence, amounting to criminality. If the earnings were not sufficient, the company should either have borrowed

money, on mortgage or otherwise, to put the road and roll-
ing stock in a safe condition, or it should have ceased to
offer itself to the public as a carrier of passengers.    Hutch-
inson on Carriers, sec. 312.

*Exception* 4.—If the 4th objection is seriously raised, it is
sufficient to say that the record fails to disclose any previous
knowledge by the plaintiff of the condition of defendant's
road.

There was ample evidence to justify the Court in submit-
ting to the jury the question whether the defendant showed
such a reckless disregard of its duties to the public, and to
the plaintiff, as amounted to wantonness or wilful negligence.
Without reciting the evidence, it may be said that it would
be difficult to make out a stronger case.    The defendant had
only one of its two engines in order, and no shops on its road,
so that if an accident happened to that engine a delay of
several days must ensue; its roadbed was partly on stringers
so infirm that in places the track would sink below the
water when the train passed; it had an insufficient number
of ties, many of them rotten, so that the track would spread;
the rails were laminated, and the general condition of the
track and roadbed was such that even a new engine would
soon be broken by the jarring and shocks, and its only
engine was old and dilapidated.    Under these circumstan-
ces, to offer itself to the plaintiff and his comrades to take
them on an excursion over its line, returning them next day
showed a reckless and wanton disregard by the defendant of
its duties to the public and the plaintiff, for which, in addi-
tion to compensating the plaintiff for his expenses, the defen-
dant is liable also to punitive damages.

It is urged, however, that the plaintiff suffered no physical
injury, but exemplary damages are not given only in cases
of physical injury to the plaintiff.    They are often added to
punish the defendant for his wantonness, wilfulness or breach
of public duty, as in cases of wilfully running by a station

without stopping to put a passenger off. *Railroad* v. *Sellers*, 93 Ala., 9; or to take one on; *Purcell* v. *Railroad*, *Heirn* v. *McCaughan* and *Railroad* v. *Hurst*, *supra*, and *Wilson* v. *Railroad*, 63 Miss., 352; or wrongfully ejecting a passenger; or doing so rudely; *Knowles* v. *Railroad*, *supra;* *Tomlinson* v. *Railroad*, 107 N. C., 327; or offering an indignity to a passenger, *Croker* v. *Railroad*, 36 Wis., 636. And there are many other instances. 1 Southerland on Damages, 748. In these cases, the exemplary damages are added to punish the defendant, and they go to the plaintiff, probably in the nature of a reward for vindicating a public wrong by a private action, undertaken and prosecuted at his own risk and expense. They are, hence, allowed where there is no physical injury. *Railroad* v. *Sellers*, *supra;* and where the compensatory damages are nominal only, *Heflen* v. *Baker*, 19 Kan., 9; *Wilson* v. *Vaughan*, 23 Fed. Rep., 221; 5 Am. and Eng. Enc., 22.

Suppose this case: A railroad company in splendid condition, as to roadbed and rolling stock, agrees to take an excursion party on Thursday, as in this case, say from Charlotte to Asheboro, and bring them back next day. But owing to increased demand for accommodations on other parts of its lines, or for no reason at all, it runs no trains by which the parties could return until the Tuesday following, would it be sufficient in such case to give the parties wronged their board from Thursday till Tuesday, and tell them as they suffered no physical injury that further remedy can only be had by beginning proceedings to vacate the defendant's charter (if it could be vacated for one act of this kind), or by application to the Railroad Commission to require the defendant hereafter to have more engines and cars? The conduct of the defendant is even worse, for it held itself out to the public and to the plaintiff as sufficiently supplied with facilities to take the plaintiff and his party to Jamesville and return to Washington next day, but, in fact, from the condition of

its track and rolling stock, of which its managers are fixed with notice, there was grave doubt if the passengers could be taken over the line at all, alive and uninjured. The accident seems to have been not that the passengers were detained five days, but that they got back at all.

There were other exceptions, but what has been said disposes of the whole matter. The pleadings and the evidence justified the Judge in submitting to the jury the question whether the defendant was guilty of a reckless disregard of its duties to the public and the plaintiff. They so found. That other parties may also sue, and the aggregate sum may be excessive, is an argument against allowing punitive damages in any case. But as that has been settled in this State, the remedy is in the Judge setting aside the verdict unless the damages are reduced, and that course the Judge pursued in this case.

If common carriers, and such other *quasi* public corporations as exercise franchises by authority of law, can wilfully and wantonly fail or refuse to discharge the duties in consideration of the promise to perform which valuable franchises are given, then their conduct might become arbitrary in the highest degree. In cases· where there is no physical injury, as wilfully running by a station without taking up a passenger or putting one off, or not running a train to return on the day promised, if the company is only held to pay compensatory damages, there would be no protection to the public in any case where the company might find it profitable or might arbitrarily choose to disregard the duty it owes to the public and the plaintiff. For this reason, the Courts of this and so many other States, in the cases above cited, permit the jury to impose exemplary damages "as an example" subject to the supervision of the Court to prevent excessive damages.