## WHITTEN v. NEVADA POWER, LIGHT & WATER CO.

### (Circuit Court, D. Nevada. September 24, 1904.)

#### No. 782.

1. NEGLIGENCE—PLEADING—ALLEGATION OF DUTY.

In a complaint in an action for negligence, a general averment that a duty rested upon defendant to do certain things which are alleged to have been omitted is insufficient unless connected with a statement of facts from which the law raises the duty.

2. SAME—SUFFICIENCY OF COMPLAINT.

The complaint in an action for wrongful death alleged that defendant, an electric company, was engaged in supplying electricity for light and other purposes for hire; that it engaged to supply electricity to the residence of a patron named for lighting purposes; that it was the duty of defendant to maintain a safe plant, machinery, poles, wires, lamps, and other appliances for the safe and proper storing and distribution of electricity to said premises, to inspect the same from time to time, and at all times to keep the same in good repair, and in a safe condition; that "it negligently failed to discharge its said duties," so that when plaintiff's intestate, who was engaged in working in said residence, without negligence took into his hands an incandescent lamp for the purpose of inspecting his work, he received into his body a severe and deadly charge of electricity, by which he was instantly killed, "through the wrongful act, neglect, and default of defendant as aforesaid." *Held*, that the complaint was demurrable as being too general in its averment of defendant's duty and its breach; that, while plaintiff might not be able to allege the particular negligent act or omission causing the injury, the ultimate facts relied on should be stated in as direct and specific a manner as the circumstances of the case would permit, and showing, at least, which of the duties specified defendant failed to perform.

At Law. On demurrer to complaint.

This is an action to recover damages for the death of William Whitten, alleged to have been caused by the wrongful act, neglect, and default of the defendant. The fifth paragraph of the complaint reads as follows: "That said defendant at all times mentioned in this complaint, and for a time long prior to the date of the death of said deceased, was engaged in the business of generating, producing, and distributing electricity and supplying the same for light and other purposes, at said county of Washoe, to the general public for hire and for a profit. That said corporation defendant, in consideration of a required compensation, to wit, ten cents per thousand watts for all electricity used, was, on the day of the death of said William Whitten, and for more than six months prior thereto, engaged in supplying J. E. Monroe with electricity for lighting purposes at his residence, to wit, No. 716 North Center street, in said city of Reno, and county of Washoe. That it was the duty of said company, in so furnishing said electricity, at all times to have and maintain a safe plant, machinery, poles, wires, conduits, converter boxes, grounding devices, transformers, ground detectors, lamps, sockets, insulators, and other appliances for the safe and proper generation, storing, and distribution of electricity throughout said city of Reno and to the said premises of the said Monroe, and also to inspect and examine the same from time to time, and at all times to maintain and keep the same in good repair and in good and safe condition, so that the said Monroe and his family and the occupants of his house, and each and all persons lawfully in and about the same, might safely use the said electricity upon said premises without danger of damage, injury, or death to them or to either or any of them. That the said William Whitten, at said time of his death, to wit, on the afternoon of the 24th day of February, 1904, and for one hour prior thereto, was actually engaged at the instance of said Monroe, and for his benefit, in cutting a door through one of the interior walls on the upper floor of said residence, and for said services the said Monroe

promised and agreed to pay said William Whitten at the rate of three and one-half dollars per day. That at said time, to wit, during the afternoon of said 24th day of February, 1904, and prior thereto, the said defendant negligently failed to discharge its said duties hereinbefore alleged, so that at the time aforesaid when the said William Whitten took into his hands a sixteen candle power incandescent electric light bulb or lamp in the room on said premises where he was then engaged in cutting said door, for the purpose of inspecting his said work, and without any carelessness or negligence of any kind whatever on his part or on the part of said Monroe, he received into and upon and through his body a severe and deadly charge and current of electricity, whereby he, the said William Whitten, was then instantly killed, through the wrongful act, neglect, and default of defendant, as aforesaid."

The defendant interposed a demurrer to the complaint upon two grounds: "(1) That said complaint does not state facts sufficient to constitute a cause of action against this defendant, in this: (a) That it does not appear from said complaint that the death of the said William Whitten, deceased, was caused by any negligent act or omission on the part of this defendant. (b) That it is not shown by said complaint how, or in what respect, or by what act or omission, this defendant wrongfully, negligently, or by default caused the death of the said William Whitten. (c) That said complaint fails to show any negligent act or omission causing the death of the said William Whitten. (d) That the death of the said William Whitten is not shown to have been caused by the negligence, wrongful act, or default of this defendant. (e) That it does not appear therefrom that this defendant was guilty of any wrongful act, neglect, or default causing the death of the said William Whitten. (f) That it appears from said complaint that the said William Whitten was instantaneously killed. (g) That it does not appear from said complaint that it was necessary, or not a negligent act on his part, to take into his hands the incandescent electric light bulb or lamp, as therein alleged. (h) That it does not appear from said complaint that this defendant furnished, or that it was the duty of this defendant to furnish or maintain, the incandescent electric light bulb which the said William Whitten took into his hands. (i) That it does not appear from said complaint that the incandescent electric light bulb or lamp which the said William Whitten took into his hands was either safe or sufficient for the purposes used, or that this defendant furnished or was required to furnish said electric incandescent light bulb or lamp. (2) That said complaint is uncertain, in this: (a) That it does not appear therefrom in what respect this defendant negligently failed to discharge any or all of the duties therein alleged. (b) That it does not appear therefrom what act or acts of this defendant were negligently performed by it. (c) It does not appear therefrom what duty or duties defendant negligently failed to discharge. (d) It does not appear therefrom how, or in what respect, this defendant failed to perform any or all of the duties therein alleged. (e) It does not appear therefrom by any act done, or by the failure to perform any duty therein alleged, that the death of the said William Whitten was wrongfully, negligently, or by default caused by this defendant. (f) That said complaint is so uncertain and indefinite that this defendant is unable to ascertain therefrom what act or omission of it caused the death of the said William Whitten, and the defendant is unable to answer the same. (g) That said complaint is so uncertain that it does not give notice to this defendant of any negligent act or omission, or how, or in what respect, this defendant by any negligent act or omission caused the death of the said William Whitten."

Mack & Farrington, for plaintiff.
Cheney, Massey & Smith, for defendant.

HAWLEY, District Judge (orally). It will be observed that the portion of the fifth paragraph of the complaint, which relates to the duty of the defendant in the several particulars therein named, does not contain any evidentiary or ultimate fact. Such averments are generally held to be wholly insufficient unless connected with a statement of the

facts from which the law raises the duty. This general principle is too well settled to require extended discussion. 14 Ency. Pl. & Pr. 332, and authorities there cited.

In Breese v. Trenton R. Co. (N. J. Sup.) 19 Atl. 204, the court, in considering an averment of like character, said:

"But this description of the duty of the company is not the statement of a fact. It adds no force whatever to the case laid in the record, and therefore may, without loss, be always omitted; for it is simply and exclusively the pleader's averment of the legal efficacy of the facts stated. Obviously, such construction can have no effect on the mind of the court. * * * The fault of these counts is that they do not show, by a statement of facts, that the duty which they assert has been violated has any existence. The rule upon the subject is thus stated by Addison in his work on Torts: 'The decisions,' observes Lord Campbell, 'show that the allegation of duty in declaration is in all cases immaterial, and ought never to be introduced; for if the particular facts set forth raise the duty, the allegation is unnecessary, and, if they do not, it will be unavailing.' If the particular facts stated in the declaration do not raise the duty, it cannot be established by other facts not stated. The declaration therefore must stand or fall by the facts stated. Negligence creates no cause of action unless it expresses or establishes some breach of duty."

Clyne v. Helmes, 61 N. J. Law, 358, 361, 39 Atl. 767; City of Chicago v. Selz, 202 Ill. 545, 547, 67 N. E. 386; McCune v. Norwich Gas Co., 30 Conn. 521, 79 Am. Dec. 278; Hewison v. City of New Haven, 34 Conn. 136, 91 Am. Dec. 718.

There are numerous authorities which hold that a complaint in tort alleging negligence must have the requisite definiteness to inform the defendant of the cause of action, and the particular act or omission constituting the tort. King v. Electric Ry. Co. (Del. Super.) 41 Atl. 976; Railroad Co. v. Kistler (Ohio) 64 N. E. 130; Taite v. Boorum (Sup.) 74 N. Y. Supp. 874; 5 Ency. Pl. & Pr. 863. The debatable question is whether or not the subsequent averment in clause 5 is sufficient. This question is important, and its determination requires careful consideration. It is contended by the defendant that this averment is weakened by the use of the words "hereinbefore alleged" at the commencement of the averment, and by the words "as aforesaid" at the end of the averment. There is much force in this statement. It is not so clear, definite, and certain as it might have been made. But, independent of this criticism, it is contended that this portion of the complaint does not state any specific act of negligence, or any fact which would constitute a cause of action under any recognized rule of state codes or common-law pleadings which requires the pleader to state specifically what acts caused the injury complained of. The defendant, in support of this position, cites Bliss on Code Pl. § 211a, where the author said:

"Negligence is one of the facts to be pleaded. It is not a conclusion of law, but a conclusion of fact; an issuable, a substantive fact, to be inferred from evidential facts. The pleader may not say that he was injured, as, that his arm was broken by the negligence of defendant; but he must state specifically what acts caused the injury, adding the negligence as creating the liability; the latter to be stated in a general way."

The learned author is here speaking of the general rule. But in the course of a general review upon the subject as to the manner of stating facts the author, at section 310a, declares that there may be circumstances why the pleader should not be required to give the specific acts or

omissions which constitute negligence. "The sufferer may only know the general—the immediate—cause of the injury, and, if it be an occurrence that usually results from negligence, the opposite party must explain it and show due care." And several illustrations are there given in support of this principle; among others, that "when a railroad locomotive sets fire to fields or buildings along the track the sufferer cannot tell in what the negligence consists—whether there is a defect in the furnace or carelessness in its management. Negligence is presumed, and it must, of necessity, be alleged generally." It will thus be seen that in applying the different rules we must keep a close and watchful eye upon the case in hand, and by parity of reasoning ascertain which rule should be applied. This task is not always an easy one. It often becomes difficult to draw, with any degree of clearness, the dividing line which separates one case from another. The real question is whether the particular language used in the averment can be sustained by the application of any settled rule of law with reference to the sufficiency of the pleadings in actions of this kind and character. In the consideration of this question the court must constantly keep in mind the necessity of requiring pleadings to set forth facts in such an intelligent manner as to inform the opposite party of the grounds upon which the pleader relies to sustain his cause of action or defense.

In Pomeroy's Rem. & Rem. Rights (2d Ed.) § 554, the author said:

"The very object and design of all pleading by the plaintiff, and of all pleading of new matter by the defendant, is that the adverse party may be informed of the real cause of action or defense relied upon by the pleader, and may thus have an opportunity of meeting and defeating it, if possible, at the trial. Unless the petition or complaint on the one hand, and the answer on the other, fully and fairly accomplishes this purpose, the pleading would be a useless ceremony, productive only of delay, and the parties might better be permitted to state their demands orally before the court at the time of the trial."

The gist of the complaint is embodied in the latter portion of clause 5, wherein, after stating how Whitten was engaged, and doing what he had the right to do, it alleged that "he received into and upon and through his body a severe and deadly charge and current of electricity, whereby he, the said William Whitten, was then instantly killed, through the wrongful act, neglect, and default of defendant." If this does not constitute an act of negligence and breach of duty upon the part of the defendant, then the complaint fails to properly state a cause of action, and the demurrer should be sustained. There are many cases which hold that the inference or presumption arising from an injury is one of fact; that it pertains to evidence, rather than the pleading; that under certain circumstances and conditions the most the injured party could do would be to prove the injury and the immediate cause thereof; that this would in such cases cast upon the defendant the obligation to explain or show due care and diligence, and that while negligence, under general rules, must be alleged and proven, it may, in exceptional cases, be inferred from the testimony as to how the injury was caused, without the plaintiff having in his complaint put his finger directly on the particular defect, carelessness, or negligence which caused the injury.

In Patton v. Texas & Pacific Ry. Co., 179 U. S. 658, 663, 21 Sup. Ct. 277, 45 L. Ed. 361, the court said:

"That while in the case of a passenger the fact of an accident carries with it a presumption of negligence on the part of the carrier—a presumption which, in the absence of some explanation or proof to the contrary, is sufficient to sustain a verdict against him, for there is prima facie a breach of his contract to carry safely, * * * a different rule obtains as to an employé. The fact of accident carries with it no presumption of negligence on the part of the employer, and it is an affirmative fact for the injured employé to establish that the employer has been guilty of negligence."

This distinction between the character of the cases must not be overlooked. The rules applicable to one are not always applicable to the other. This is not a case between master and servant. The other class of cases will be referred to.

In 21 Am. & Eng. Ency. L. (2d Ed.) 512, it is said:

"Negligence is never presumed from the mere fact of injury, yet the manner of the occurrence of the injuries complained of or the circumstances surrounding may well warrant an inference or presumption of negligence."

In 1 Shear. & Red. on Neg. (4th Ed.) § 59, the author said:

"It is not that in any case negligence can be assumed from the mere fact of an accident and an injury, but in these cases the surrounding circumstances which are necessarily brought into view by showing how the accident occurred contain, without further proof, sufficient evidence of the defendant's duty, and of his neglect to perform it. The fact of the casualty and the attendant circumstances may themselves furnish all the proof of negligence that the injured person is able to offer, or that it is necessary to offer. The accident, the injury, and the circumstances under which they occurred, are in some cases sufficient to raise a presumption of negligence, and thus cast upon the defendant the burden of establishing his freedom from fault."

In section 60 the author said:

"Proof of an injury occurring to defendant as the proximate result of an act which, under ordinary circumstances, would not, if done with due care, have injured any one, is enough to make out a presumption of negligence. When a thing which causes injury is shown to be under the management of the defendant, and the accident is such as, in the ordinary course of things, does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from a want of care."

Several authorities are cited which sustain these rules. See, also, Gleeson v. Railroad Co., 140 U. S. 435, 443, 11 Sup. Ct. 859, 35 L. Ed. 458; The Joseph B. Thomas, 86 Fed. 658, 662, 30 C. C. A. 333, 46 L. R. A. 58; Snyder v. Wheeling Electrical Co., 43 W. Va. 661, 667, 28 S. E. 733, 39 L. R. A. 499, 64 Am. St. Rep. 922; Boyd v. Electric Co. (Or.) 66 Pac. 576, 57 L. R. A. 619; Shafer v. Lacock, 168 Pa. 497, 504; 32 Atl. 44, 29 L. R. A. 254; Barnowsky v. Helson, 89 Mich. 523, 525, 50 N. W. 989, 15 L. R. A. 33.

In notes to 2 Thomp. on Neg. p. 1246, it is said:

"Negligence on the part of the defendant is the gist of the action, and must be charged in the plaintiff's petition. It is not, however, absolutely necessary that it should be averred in terms, if such facts are stated as will raise a presumption of negligence."

In Cunningham v. Los Angeles Ry. Co., 115 Cal. 561, 566, 47 Pac. 453, the court said:

"The demurrer to the complaint was properly overruled. While the negligence was averred in general terms, such mode of presenting the facts is sufficient in this character of action, where, as a general thing, the more specific facts are more largely within the knowledge of the defendant than that of the plaintiff; and the complaint cannot, therefore, be held open to the objection of uncertainty."

See, also, Railroad Co. v. Jones, 83 Ala. 376, 382, 3 South. 902.

In Railroad Co. v. Hicks (Ind. App.) 37 N. E. 43, it was held that in an action of negligence, where a legal duty is shown, and its breach, a general allegation that the acts done or omitted were so done or omitted negligently is sufficient to sustain the charge.

In Railway & Illuminating Co. v. Foulds, 81 Ill. App. 322, the court said:

"When appellant wired the basement or cellar of appellee's house, and agreed to furnish him light for hire, it well knew it was dealing in an element, delivered in a current of high voltage, such as was carried on its primary wires, which was almost certain to bring death to the person who turned on the lamp if there was a ground of the current on the circuit. Hence the law imposes upon it the duty to exercise a high degree of care and skill in the delivery of the element it had contracted for. If the injury itself furnishes a presumption of negligence so as to require the defendant to show, by evidence, that it has been guilty of no negligence that caused it, then it logically follows that all that is necessary to be averred in the declaration to entitle the plaintiff to recover for the injury is the agreement, a negligent breach of it, and the result; also that the plaintiff has not by any neglect on his part contributed to the result."

In Denver Consol. Electric Co. v. Lawrence, 31 Colo. 301, 309, 73 Pac. 39, 42, where the facts are substantially identical with the case at bar, the court said:

"The plaintiff, while attempting to do that which every patron of the company must do to make use of the electric light, received into his body a current of electricity, burning his hands and feet, and permanently injuring him. Such injuries are not, under ordinary circumstances, received by persons who turn on an incandescent lamp, if the company supplying the current has not been negligent. The defendant, when it contracted with the father of the plaintiff to sell electricity for light, contracted to keep its plant and appliances in such condition that no greater volume of electricity would be carried into the house than was necessary for its proper lighting. The quantity of electricity required for lighting purposes in residences is not sufficient, if it pass through the body, to cause the injuries described by the plaintiff in his complaint. It follows, therefore, that the plaintiff must have received a very much greater quantity of electricity than the company contracted to supply. The court therefore did not err in overruling the demurrer to the complaint, nor in overruling the objections to the introduction of testimony."

The complaint in the present case is almost verbatim with the complaint in the Colorado case last cited, the only difference being in relation to the party who was injured, and the effect of the injury. It ought, however, to be said that the laws of Colorado do not provide, like the statutes of this state, that the objections here raised could be taken advantage of by a demurrer, but that such objections must be made by motion to make the complaint more specific. It may, therefore, be presumed that, if a motion had been made to strike out the general clause as to all the duties of the defendant as alleged in the complaint, it would have been granted.

The difficulty in the present case arises in determining what disposition should be made of the demurrer. The most objectionable part of the complaint, viz., the "lumping clause," setting out all the duties of the defendant without specifying any breach of duty, may be considered as mere surplusage, which would not call upon defendant to specifically answer. The objection might, therefore, be deemed purely technical. If plaintiff believes this lumping clause to be material, then she should amend it by inserting the particular breach under each duty specified. This was done in Peers v. Nevada Power, Light & Water Co. (C. C.) 119 Fed. 400, and such is certainly the better practice. The complaint ought to be so specific as not to open the door so wide as to admit anything on every point of the case, without a breach of duty is expressed in regard to it. It ought at least to be so specific as to point out some one particular breach of duty, one act of negligence, and it may add as many others as the pleader thinks can be proven. The objectionable feature of the complaint is that it should have stated the plaintiff's cause of action by distinct averments, and not left it to the court to deduce the existence of one fact from the statement of another.

It follows from the views herein expressed that the pleader should draft his complaint with reference to what he expects to prove in support of the allegations he makes. Touching these matters, he must state the ultimate facts upon which he relies in as clear, concise, direct, and specific a manner as the circumstances of his case will permit. If he cannot be specific, the negligence may be stated generally, if in sufficient terms to impart knowledge to the defendant of what it will be called upon to answer. There would naturally be a difference in the allegations of a complaint charging negligence against an electric company where the injury was caused by the wires falling to the ground and a case of negligence in conveying an electric current over its wires into a building, but in both the fact of breach of duty must be alleged. A careful examination of the declarations referred to by the court in Snyder v. Wheeling Electrical Co., 43 W. Va. 661, 664, 28 S. E. 733, 39 L. R. A. 499, 64 Am. St. Rep. 922, and Anderson v. Electric Light Co. (N. J. Sup.) 43 Atl. 654, will furnish some guide as to the form of declaration in such cases.

In the light of the authorities discussed at the argument and the views herein expressed, the complaint can readily be amended so as to remove the objectionable features thereof. For the reasons last stated—in the interest and protection of good and safe pleadings—I shall sustain the demurrer, and give plaintiff 10 days to amend the complaint.