*69
 
 Pearson, J.
 

 The plaintiff excepts to the charge of the judge, upon the question of damages. We think he is entitled to anew trial.
 

 It is settled in this State, that, in actions of
 
 tort,
 
 when there are circumstances of aggravation, juries are not restricted, in the measure of damages, to a mere compensation for the injury, actually sustained, but may,
 
 in their discretion,
 
 increase the amount, according to the degree of malice, by which the evidence shews the defendant was actuated, the extent of the injury intended, and not that, which was really inflicted. Accordingly juries are told, in many cases, they may gi ve exemplary damages, that is, such as will make an example of the defendant, or vindictive damages, or smart money, terms which explain themselves.
 
 Duncan
 
 v.
 
 Stallcup,
 
 1 Dev. & Bat, 440, and the series of cases referred to in Iredell’s Digest. There is, in English Reports and those of our sister States, an uniform current of decision, which does not leave the question open.
 

 Qur attention was called, in the argument, to the remark of Greenleaf in his treatise on evidence,
 
 2 vol.
 
 213,
 
 note 2, sec.
 
 253. The author brings himself to the conclusion, that the doctrine of exemplary or vindictive damages is not sustained, either by authority or principle. His argument is inconclusive in both particulars. It is certainly so, as to the authorities; and, we think, equally so as to the principle. Injuries, sustained by a personal insult, or an attempt to destroy character, are matters, which cannot be regulated by dollars and cents. It is fortunate, that, while juries endeavor to give ample compensation for the injury actually sustained, they are allowed such full .discretion as to make verdicts to deter others from flagrant violations of social dut}'. Otherwise there would be many injuries without adequate remedy.
 

 If juries are to be restrained, in actions of slander, to damages actually sustained, there can be no reason, why
 
 *70
 
 malice, on the part of the defendant,'should constitute the gist of the action. As malice must be proved, it is right that the damages should be in proportion to the degree of malice, and should not be restricted to a mere compensation for the injury actually done, however short it may be of the injury intended, and which would have been suffered, had not the plaintiff’s character been too high to be reached by the tongue of slander.
 

 In this case, for instance, if the defendant, under the cloak of pretended friendship, attempted to deter the plaintiff from the prosecution of a just claim against his father, by falsely alleging that the plaintiff was guilty of the crime of forgery, can it be right, that he should be protected from exemplary damages, because the plaintiff’s high character made the assault harmless. The injury
 
 intended
 
 was the greater. The malice was unmitigated. If such assaults are tolerated, it cannot be told, how soon a high character may be prostrated, and, when it is, damages will not restore it.
 

 Pkr Curiam.
 

 Judgment reversed and a
 
 venire de nove
 
 awarded.