Pearson, J.
 

 It is admitted, that tbe jury were at liberty to give exemplary damages. Tbe objections to tbe charge are met by tbe case of McAulay v. Burkhead, 13 Ired. Rep. 28: “ To enable juries properly to exercise tbis discretion, it is necessary to put them in possession of all tbe facts and circumstances connected with tbe parties, as well as the act;” “a thousand dollars may be a less punishment to one man than a hundred dollars-to another.”
 

 It is said, that tbe circumstance, that tbe blow was given in tbe presence of tbe Court, should not have been left to the jury, because tbe defendant was liable to be fined for that, as a contempt, and if tbe jury could also take it into consideration, be would be punished twice for the same thing. Upon tbe same ground, it might be insisted, that a jury could not give exemplary damages when a defendant was liable to an indictment; yet, it is well settled law, that a jury may give exemplary damages in such cases. No doubt the Court, in imposing the fine, would take into consideration the fact, that exemplary -damages had been recovered. In several cases the proce_edings in indictments have been stayed until it was ascertained what would be the recovery in the civil action. -
 

 It was also insisted, that no judgment could be rendered on the verdict, because of its uncertainty. It is not in the usual form, but it is in effect for $1,100, as damages, and the jury go on unnecessarily to disconnect and say $100 is for actual damages, and $1,000 is for exemplary damages. This is surplusage, and comes within the application of the rule,
 
 utile per inutile non vitiatur.
 
 In assumpsit for a liquidated account, the proper finding is, “who assess the plaintiff’s damage at $1,100, of which sum $1,000 is principal money, and $100 by way of interest.” But a finding, “who
 
 *100
 
 assess tlie plaintiff’s damage to $>1,000 for principal money, and $100 for interest,” would in fact be assessing tire damages at $1,100, and although not formal, would be sufficiently certain.
 

 Judgment affirmed.