AMMONS v. RAILROAD.

(Filed December 12, 1905).

*Railroads—Expulsion—Punitive Damages.*

In an action against a railroad for an alleged wrongful ejection, to entitle a passenger to punitive damages, his expulsion from the train must be attended by such circumstances as tend to show rudeness, insult, aggravating circumstances calculated to humiliate him.

ACTION by W. R. Ammons against Southern Railway Company, heard by *Judge G. S. Ferguson* and a jury, at the July-August Term, 1905, of the Superior Court of SWAIN.

This was an action for the recovery of damages, the plaintiff alleging that he was wrongfully ejected from the defendant's train. From the judgment rendered, the defendant appealed.

*F. C. Fisher* and *A. J. Franklin* for the plaintiff.
*Moore & Rollins, W. B. Rodman* and *A. B. Andrews, Jr.,* for the defendant.

BROWN, J. This case was before the court at the last term and the facts are fully stated, 138 N. C., 555. The case comes back upon one exception only by the defendant to the refusal of the judge to give the following instruction: "That in no aspect of the case can the plaintiff recover punitive damages." The court erred in refusing the instruction. Damages are classified generally as "compensatory'" and "punitive." The latter are termed also vindictive or exemplary damages. Compensatory damages are defined by Joyce and other text writers as "those by which the actual loss sustained is measured and the injured party recompensed therefor." Joyce on Damages, sec. 26. Punitive damages are independent of the injury inflicted or the legal wrong com-

mitted, and are allowed in excess of simple compensation upon a theory of punishing the wrongdoer for the wrong inflicted, with the view to prevent similar wrongs in future. Where a trespass is committed deliberately in violation of plaintiff's rights, in a manner and under circumstances of aggravation and humiliation, showing a reckless and lawless disregard of the plaintiff's rights, the law allows damages beyond the strict measure of compensation by way of punishment. *Champion v. Vincent,* 20 Tex., 811; *Joyce, supra,* sec. 28, and notes.

The facts are, as testified to by the plaintiff, that he applied to the defendant's agent at Almond for a ticket to Noland. The agent said he did not have any and that "I could get on and he would speak to the conductor about it, and that the fare would be 40 cents. I rode down the road about a quarter of a mile and the conductor came to me and said he wanted a ticket, and I handed him 50 cents and said I wanted to go to Noland's Creek, and he looked at his book and said it would be 75 cents, and I asked him if he was not mistaken and he said 'No,' and I told him I would not pay 75 cents, and so he told me I would have to get off. I told him I had applied for a ticket and the agent said he didn't have any, and he said they did have tickets, and I told him I didn't know anything about it, only what they told me; that they told me they didn't have any tickets and the fare would be 40 cents, and he told me then I would have to get off. So I told him if he put me off I would sue the railroad company, and he pulled the cord and stopped the train and I walked out." Q. "What did he say in reply to you when you said you would sue the railroad company?" A. "He said he could not help that." Q. "Is that all he said?" A. "I believe that is all he said." Q. "Can't you remember what he did say when you said to him that you would sue the company?" A. "He said several words. I don't remember every word he said." Q. "Think if you know anything

else?" A. "I don't think of anything else." Q. "Where did he put you off?" A. "I got off by his instructions. He told me to get off." Q. "Where?" A. "About a quarter of a mile this side of Almond." Q. "How far is the station you wanted to go to from there?" A. "About 14 miles by rail." Q. "What were you doing at that time?" A. "I was working on Noland's creek." Q. "What were you getting a day?" A. "Dollar 25 cents." Q. "Did you put in a day's work?" A. "No, I walked in in the evening and went to work the next morning. I didn't hire anything, I walked. I just lost a day's work, is all." Q. "How much did you lose?" A. "The day." Q. "Is that all you recollect about this transaction?" A. "Yes, I believe it is."

To entitle a passenger to such damages, his wrongful expulsion from the train must be attended by such circumstances as tend to show rudeness, insult, "aggravating circumstances calculated to humiliate the passenger * * * " *Holmes v. Railroad,* 94 N. C., 318; *Rose v. Railroad,* 106 N. C., 170; *Knowles v. Railroad,* 102 N. C., 66. The subject of punitive and compensatory damages has been discussed in many cases in our own Reports. In the opinion in this case at the last term, *Mr. Justice Walker* called attention to some of the more important. The plaintiff's testimony fails to bring his case within the authority of any of these precedents so as to justify the awarding of punitive damages.

On the next trial of this case, it will be the duty of the trial judge to explain to the jury the meaning of, and difference between, punitive and compensatory damages, and to instruct them upon the plaintiff's own testimony, as herein set out, that he is entitled to compensatory damages only.

. The findings upon the several issues are set aside and a new trial ordered.

New Trial.

HOKE, J., concurring: I concur in the decision awarding

a new trial and in the opinion which declares that the facts set out in the record disclose no case for the recovery of punitive or exemplary damages. There seems, however, to have been some misapprehension, on the trial below, as to the elements of damage involved in the two issues addressed to that question. These issues were: 7. What is the actual damage sustained? 8. What exemplary damages, if any, is plaintiff entitled to recover?

The court below and the parties litigant seem to have considered that the seventh issue, on actual damages, was confined to pecuniary loss, and that any recovery over and above this must be had, if at all, on the eighth issue, above set out. But this is not at all true. "Actual," in the sense of compensatory damages, is not restricted necessarily to the actual loss in time or money. The claimant may be confined to this, if the jury so determine, but more than this is contained in the term and more than this is covered by the issue. As said by *Clark, C. J.,* in *Osborn v. Leach,* 135 N. C., 628: Where the facts and nature of the action so warrant, "actual damages include pecuniary loss, physical pain and mental suffering," etc. And again: "Compensatory damages include all other damages than punitive, thus embracing not only special damage as direct pecuniary loss, but injury to feelings, mental anguish," etc., citing 18 Am. & Eng. Enc. (2 Ed.), 1082; Hale on Damages, pp. 99, 106. And this last author says: "It may be stated as a general rule in actions of tort, that whenever a wrong is committed which will support an action to recover some damages, compensation for mental suffering may also be recovered, if such suffering follows as a natural and proximate result." And so here, where a passenger is wrongfully ejected from a railroad train, the demand may be considered as one in tort, and, on an issue as to actual or compensatory damages, he may recover what the jury may decide to be a fair and just compensation for the injury, including his actual loss in time or

money, the physical inconvenience and mental suffering or humiliation endured, and which could be considered as a reasonable and probable result of the wrong done. *McNeill v. Railroad,* 135 N. C., 683; *Head v. Railroad,* 79 Ga., 358; Hale on Damages, *supra,* sec. 261. As said by *Bleckley, J.,* in *Head's case:* "Wounding a man's feelings is as much actual damage as breaking his limb. The difference is that one is internal and the other external; one mental, the other physical  *  *  *  At common law compensatory damages include, upon principle and, I think, upon authority, salve for wounded feelings, and our Code had no purpose to deny such damages where the common law allowed them."

Exemplary or punitive damages are not given with a view to compensation, but are under certain circumstances awarded in addition to compensation as a punishment to defendant and as a warning to other wrongdoers. They are not allowed as a matter of course, but only where there are some features of aggravation, as when the wrong is done wilfully and maliciously, or under circumstances of rudeness or oppression, or in a manner which evinces a reckless and wanton disregard of plaintiff's rights. It is not necessary to submit this element of damage under a separate issue, but there is no objection to this course, and frequently it is desirable, as stated in the principal opinion, there are no circumstances of aggravation, shown in this evidence, which would justify an award of exemplary damages, but on the issue as to actual or compensatory damages, the jury under proper instructions should be directed to award what in their judgment is a fair compensation for the plaintiff's wrong under the principle here stated, and not confined to the actual loss in time or money as was done on the former trial.

CLARK, C. J., CONNOR and WALKER, JJ., concur in concurring opinion.