D. C. HODGES v. W. D. HALL.

(Filed 13 September, 1916.)

**1. Damages, Compensatory—Definition.**

Compensatory damages, when allowable, are not restricted to the pecuniary loss caused by the defendant's wrong, but may embrace just compensation, in the opinion of the jury, for the injury, including actual loss in time and money, the physical inconvenience, mental suffering, and humiliation endured which could properly be considered as a reasonable and probable result of the wrong.

**2. Damages, Punitive—Definition.**

Where punitive damages are allowable, they are awarded in addition to compensatory damages for a willful and malicious wrong done to the plaintiff, under circumstances of aggravation, rudeness, or oppression, or in a manner which evinces a reckless and wanton disregard of the plaintiff's rights.

**3. Same—Trials—Questions for Jury.**

Where the evidence properly presents the question of punitive damages for a wrongful act done to the plaintiff, the award of such damages, and the amount thereof, under a proper charge, is for the jury, and can never be directed by the court as a matter of law.

**4. Same—Instructions—Malice—Assault.**

An instruction to the jury which, in effect, tells them to award the plaintiff punitive damages should they find that the defendant assaulted him with malice or in a spirit of revenge, considering evidence of provocation by way of reducing the amount, is reversible error, being an instruction, as a matter of law, to award punitive damages if they found the assault was malicious, and not leaving it to the jury to determine.

CIVIL ACTION to recover damages for assault and battery, tried before O. H. Allen, J., and a jury, at May Term, 1916, of HYDE.

The jury rendered the following verdict:

1. Did the defendant wrongfully and unlawfully beat and assault the plaintiff, as alleged? Answer: "Yes."

2. What damages, if any, is the plaintiff entitled to recover therefor? Answer: "$1,000."

Judgment on the verdict for plaintiff, and defendant excepted and appealed, assigning for error chiefly the charge of the court on the question of exemplary damages.

*Mann & Jones and Ward & Grimes for plaintiff.*
*Ward & Thompson and Spencer & Spencer for defendant.*

HOKE, J. The question of compensatory and punitive damages has been presented in several of the more recent cases before this Court: *Byers v. Express Co.,* 165 N. C., 542; *Carmichael v. Telephone Co.,* 157 N. C., 21; same case, reported in 162 N. C., 333; *Williams v. R. R.,*

144 N. C., 498; *Ammons. v. R. R.,* 140 N. C., 196; and from these and other authorities it appears that compensatory damages is not necessarily restricted to the actual pecuniary loss caused by defendant's wrong, but the term may extend to and embrace what the jury may decide to be a fair and just compensation for the injury, including actual loss in time and money, the physical inconvenience, and physical and mental suffering and humiliation endured, and which could be properly considered as a reasonable and probable result of the wrong done. *Carmichael v. Telephone Co., supra.* Speaking further to the subject, the Court said: "Exemplary or punitive damages are not given with a view to compensation, but are under certain circumstances awarded in addition to compensation as a punishment to defendant and as a warning to other wrong-doers. They are not allowed as a matter of course, but only where there are some features of aggravation, as when the wrong is done willfully and maliciously or under circumstances of rudeness or oppression, or in a manner which evinces a reckless and wanton disregard of plaintiff's rights." And on this question it has also been expressly held in this jurisdiction: "That when, on. facts in evidence, the question of punitive damages is properly presented, the award of such damages and the amount thereof, under a proper charge, is for the jury, and can never be directed by the court as a matter of law," *Billings v. Charlotte Observer,* 150 N. C., pp. 540-544, a position that is very generally approved by the authoritative cases on the subject. *Topolewski v. Packing Co.,* 143 Wis., 52; *Ferguson v. Moore,* 98 Tenn., 342; *Carson v. Smith,* 133 Mo., 616; *R. R. v. Rector,* 104 Ill., 296; *Carpenter v. Hyman,* 66 S. E., 1078 (W. Va.); *R. R. v. Burke,* 53 Miss., 200.

On careful consideration of his Honor's charge in reference to this last position we are of opinion that reversible error was committed on the question of exemplary or punitive damages. Speaking to this feature of the case, his Honor, among other things, said: "Then, if you find that the assault was of a violent character, such as to indicate malice— by malice I mean a wicked intent to injure the plaintiff, from a spirit of revenge—if that is so, then he would be entitled to punitive damages, that is, damage by way of punishment—that is, in the event that you find that the assault was of a malicious nature." And again: "You may also take into consideration as to whether Hall was provoked— provocation, if you find there was provocation, and the circumstances— and that may be considered by way of mitigating or reducing punitive damages, regardless of what he was worth, if you find he was damaged at all; then, if you find it was of a malicious character, you will add to actual damages punitive damages."

There is nothing in other portions of the charge which sufficiently qualifies these instructions, and, to our minds, the jury could only con-

clude therefrom that if they found the assault to be malicious they were required to increase the amount by an award of punitive damages, as a matter of law.

For the error indicated there will be a new trial of the cause on all the issues.

New trial.