## JOHN A. MEEDER v. SEABOARD AIR LINE RAILWAY COMPANY.

(Filed 28 February, 1917.)

**1. Carriers of Passengers—Through Trains—Local Station—Rules of Company.**

Railroad companies, in the regulation of their passenger traffic, may make reasonable rules as to their trains not stopping at local stations, where they have otherwise provided for local travel; and where a passenger has brought his action for damages in being carried on a through train by a local station at which, under such regulations, the train did not stop, it must appear that the local travel at such station had not been sufficiently provided for, in order for him to recover solely on that account.

**2. Same—Punitive Damages—Trials—Evidence.**

Evidence is insufficient upon which to base a recovery for punitive damages for the conduct of the conductor on a through train towards a passenger thereon while carrying him past a station where, under the reasonable regulations of the company, such stop was not made, when it tends only to show that the passenger was informed that the train would not stop there, repeatedly insisted that his ticket was to that place and the conductor should stop it there or put him off, whereupon the conductor, "in a rash and unbecoming manner," said he would have to get off at a certain station, and told the passenger that he would pay his 10-cent fare to the station beyond, a regular stopping place for the train, if the plaintiff "was that kind of a man."

CIVIL ACTION, tried at January Term, 1916, of WARREN, before *Stacy, J.,* upon these issues:

Did the defendant maliciously or willfully, wantonly, and rudely mistreat and humiliate plaintiff while a passenger on its train? Answer: "Yes."

What, if any, damage, is the plaintiff entitled to recover? Answer: "$200."

From the judgment rendered, defendant appealed.

*Pittman and Williams for plaintiff.*
*Murray Allen for defendant.*

BROWN, J. The plaintiff sues to recover damages as a passenger because he was wrongfully carried by Ridgeway to Norlina, and for punitive damages because of insulting and humiliating conduct towards plaintiff by the conductor of the train.

His Honor charged the jury: "Plaintiff having been given actual notice that the train on which he was riding would not stop at Ridgeway, the court charges you that the conductor would have been within his rights to have put him off at Henderson, and that plaintiff wasn't entitled to insist upon riding upon that train and stop at Ridgeway; and under that rule you will not consider any damages and not any inconveniences which the plaintiff suffered by reason of being put off at Norlina, and by reason of going home in the rain, or any sickness he may have contracted in consequence of such.

"Our Court has held (140 N. C., p. 126, *Hutchinson v. Railroad*) that a railroad has a right to make regulations that certain trains shall not stop at all stations, provided there are enough to serve local travel, and it does not appear that there was not; and plaintiff having knowledge of that fact, it was his duty to obey the instructions of the conductor and have gotten off No. 4 and taken No. 20.

("There is only one question for you to consider, whether the conduct of the conductor towards the plaintiff was such as to humiliate him on the train, or to bring him into ridicule in the presence of passengers on that train. Understanding that fact, the court charges you that though the train did not stop at Ridgeway, yet he was entitled to courteous treatment; if the defendant *discussed* his rights on that train and humiliated and mistreated him, the defendant would be liable for such conduct, and punitive damages may be allowed therefor.")

To the foregoing charge in parentheses defendant excepts.

The Court correctly charged that the plaintiff was not entitled to recover actual damages because he was carried by Ridgeway to Norlina. We think, however, the court erred in submitting the question of punitive damages to the jury, but should have granted the defendant's motion.

The plaintiff testified: "The conductor took my ticket and said: 'This train does not stop at Ridgeway and you will have to get off at Henderson.' He said it in a rash and unbecoming manner. I told him that train did stop at Ridgeway. . . . The conductor gave me my ticket back and said: 'You will have to get off at Henderson.' I told him my ticket carried me to Ridgeway. He told me if I did not get off he would have me put off at Henderson. Coach was crowded that day; those in front and behind me heard what he said. After we got to Raleigh he said: 'Your stop is at Henderson.' After we left Raleigh he came through the car again and said my stop was at Henderson. I said: 'If you want me to get off—if you do not want to carry me to Ridgeway—then you can put me off.' I told him my ticket called for Ridgeway and I did not want to get off anywhere else. I refused to pay my fare to Norlina. He then said: 'If you are that

kind of a man, I will give you 10 cents to pay your fare to Norlina.'
I got off at Norlina when the train stopped."

On cross-examination plaintiff testified: "I told the conductor my
ticket was for Ridgeway and I was determined to get off there. Don't
know that I said that I was not going to get off anywhere else. I
said that my ticket did not call for Henderson. Conductor did not
say anything about a local train. I knew there was a local that came
about 7 o'clock; No. 4 was a through train. Don't know the names
of any conductors except Gibson. I asked him his name. I wanted
to know the name of the man that carried me by. I told him that I
was going to make a test case of it; I told him he was going to hear
from me again. I thought about bringing a suit. Don't know whether
I told Gibson or not that I was going to bring a suit."

On redirect examination he testified: "A local train passed Hen-
derson about 7 o'clock; that was the first train I could have gotten home
on. Decided to sue the railroad company because I thought the con-
ductor treated me with ridicule and humiliated me."

In *Rose v. R. R.,* 106 N. C., 168, the conductor discovered soon after
taking charge of the train that the plaintiff and his wife did not have
proper tickets, and he said, "in a brusque, decided manner" (address-
ing the husband): "This is Halifax, if you are going to get off."
The husband replied: "I have no intention of getting off unless you
order me to get off." The conductor then said, "very decidedly, rudely,
and quickly": "Then, I order you off." The husband and wife got
off, but came immediately back and paid their fare. The Court held
that the right of the plaintiffs to recover punitive damages was erro-
neously submitted to the jury. The Court said: "A railway company
cannot be held liable to answer in damages because its servant, who is
required to collect fares and protect it against imposition by expelling
those who have not paid in the time that elapses between stations that
are often but a short distance apart, informs a husband in a brusque
manner, in the presence of his wife, whose head is resting on a pillow,
that they must pay or get off, and, after waiting until the train reaches
the next station, says in a decided or rude tone that they must get off.
The language was certainly such as it was the right—if not the duty
of the conductor to use, and the defendant cannot be held responsible
for his failure, in the hurry of the moment, to modulate his voice
so as to make it soft or gentle, especially when he was giving a com-
mand in the line of his duty, which the plaintiffs had shown them-
selves loath to obey. Conductors ought to be, and we hope generally
are, gentlemen, and can, therefore, discharge a disagreeable duty in a
considerate manner where it affects female passengers."

In *Ammons v. R. R.,* 140 N. C., 196, this Court held that "To en-
title a passenger to such damages—his wrongful expulsion from the

train must be attended by such circumstances as tend to show rudeness, insult, aggravating circumstances calculated to humiliate the passenger," citing *Holmes v. R. R.,* 94 N. C., 318; *Rose v. R. R.,* 106 N. C., 170; *Knowles v. R. R.,* 102 N. C., 59.

The same rule applies where the conductor acts rightfully, but in a rude and insulting manner. The evidence of plaintiff does not come up to the standard. In the case of *Tomlinson v. R. R.,* 107 N. C., 327, the facts are very similar to this, and punitive damages were denied. *Smith v. R. R.,* 130 N. C., 304, is very pertinent authority sustaining defendant's contention in this case.

We are of opinion that the motion to nonsuit should have been allowed.

Reversed.