### A. O. FERRELL v. J. E. SIEGLE.

(Filed 31 January, 1928.)

**1. Libel and Slander—Actionable Per Se.**

When the false and defamatory words spoken of and concerning the plaintiff, the subject of his action for slander, are to the effect that he had been stealing and that he should be put in the penitentiary, they are actionable *per se*, not requiring evidence of special damages, and from this publication the law implies malice, and the jury may award compensatory damages.

**2. Libel and Slander—Punitive Damages—Requisites for.**

In order for the jury to award punitive damages in an action for slander, the utterance of the false words of and concerning the plaintiff must have been with actual malice or ill-will, or uttered under such circumstances as to show a total disregard of the plaintiff's rights in the enjoyment of his reputation.

**3. Evidence—Evidence at Former Trial—Admissibility.**

In an action for slander, when the alleged words spoken and published are that the plaintiff had stolen certain goods, and should be placed in the penitentiary, the question as to whether it is competent for the plaintiff to introduce the record of the court in a civil action formerly brought by the defendant company to recover the value of the goods defendant had charged the plaintiff with stealing, which resulted in favor of the plaintiff, is not necessary to be determined from the present record.

**4. Trials—Issue—Requests for Submission, When Necessary.**

Where the defendant in an action for slander desires, under the allegations and evidence, an issue as to punitive damages submitted to the jury, he should aptly tender it, and where only a single issue as to damages is submitted, without his objection, and the amount of the verdict is within that demanded for actual damages, supported by the evidence, it is not reversible error for the trial judge to render his judgment accordingly.

APPEAL by defendant from *Bowie, Special Judge,* and a jury, at July Special Term, 1927, of MECKLENBURG. No error.

This is an actionable action for slander. The material allegations of the complaint of plaintiff are as follows:

"That on or about 1 April, 1926, in the presence and hearing of J. B. Staton, J. B. Edwards, Mr. and Mrs. J. E. Garris, and divers other persons, in place of business of J. B. Staton and other times and places, J. E. Siegle, falsely and maliciously spoke and published of and concerning the plaintiff, A. O. Ferrell, certain false and defamatory words in substance as follows: 'Ferrell has been stealing electricity from the Savona Manufacturing Company, for the past seven years, and he ought to be in the penitentiary.' That the plaintiff is informed and believes, and so alleges, that the defendant wrongfully, falsely and

maliciously spoke and published the said libelous words about the plaintiff for the intent and purpose of injuring him in his good name and standing in the community. That the defendant knew when he spoke and published the said false and defamatory words, charging the plaintiff with an infamous crime that they were absolutely false, and the defendant deliberately, wilfully and maliciously spoke and published the same with the intent and purpose of humiliating and injuring the plaintiff in his character and reputation in the community, and that on account of the said false and defamatory words, the plaintiff has been humiliated, injured and damaged; that on account of the said false utterances charging the plaintiff with the crime of larceny, he has suffered in his good name and fame in the community, and has suffered intense mental anguish which has affected his general health, on account of all of which he has been greatly damaged." Plaintiff prays for $10,000 actual damages and $5,000 punitive damages.

The defendant answers that all the allegations of the complaint are untrue and are denied. The defendant, for a further answer and defense, alleges that he was vice-president and resident manager of the Savona Manufacturing Company. Plaintiff, prior to March, 1926, for about eight years had been overseer in the weave room. For the benefit of the owners of the plant, he took charge. Soon after taking personal charge of affairs of said company, the defendant was informed that the plaintiff in this action had been taking advantage of his connections as an employee of said company, to personally use and convert to his own use, property of said company, material of said company, and the time of hands and labor employed and paid by said company, without making any report thereof to the company or making any compensation or payment to said company for the same, and had destroyed or allowed to be destroyed, manufactured goods of said company, for the purpose of concealing negligent and defective work done by or under the supervision of plaintiff. It became the duty of this defendant to investigate the reports which had been made to him. The plaintiff was operating a store and J. B. Staton was manager of this store of plaintiff. In the course of the investigation in the line of his duty to said company, which had employed him, it became necessary for defendant to investigate the information he had obtained, that the electric current of said store and cafe and home of Ferrell was being wrongfully used from the private lines of the Savona Manufacturing Company, by plaintiff, and not being paid for or being reported to said company, and for said purpose and no other, and in the line of his duty, and in good faith, the defendant made investigation and was informed by the Southern Public Utilities Company, who supplied all electric current used by plaintiff and by Savona Manufacturing Company, that there had never been any meter upon the home of plaintiff,

and that for a long period of time, there had been no meter at plaintiff's store and cafe. . . . All statements were made in good faith for the purpose of inducing plaintiff to have proper meters installed. . . . At no time did the defendant make the statements alleged in the complaint, and such statements as he made were true, and were made in the bona fide belief that they were true, under circumstances which imposed duty upon the defendant, the duty to make them, and the facts and circumstances duly justified this defendant in making all statements which he made with reference to plaintiff. Upon account of the matters above set forth, the statements made by defendant were privileged, said statements were true, and were made without malice, and in bona fide belief in their truthfulness."

The issues submitted to the jury and the answers thereto, were as follows:

"1. Did the defendant in substance speak of and concerning the plaintiff the language as alleged in the complaint? Answer: Yes.

"2. If so, was same false? Answer: Yes.

"3. What damages, if any, is the plaintiff entitled to recover? Answer: $6,750.00."

The necessary facts and assignments of error will be set forth in the opinion.

*J. D. McCall for plaintiff.*
*L. Laurence Jones for defendant.*

CLARKSON, J. The evidence introduced by plaintiff sustained fully the allegations of the complaint that the defendant had spoken on several occasions to different persons, and in divers places, that plaintiff, "Ferrell has been stealing electricity from the Savona Manufacturing Company, for the past seven years and he ought to be in the penitentiary." It was also in evidence that defendant had likewise charged plaintiff, in the presence of several persons, of stealing towels, cloth, linen and lumber from the manufacturing company. Defendant charged also that plaintiff stole most of what he owned from the manufacturing company. That in an effort to obtain testimony to the above effect, defendant had tried to bribe a person to swear falsely by attempting to give her $25.00. It was in evidence that he used his position in an attempt to force employees to give false evidence against plaintiff and employees were discharged when they would not testify to the charges made by defendant against plaintiff. That he tried to hire employees to testify to help defendant convict plaintiff.

The plaintiff testified that he ran a cafe which was an aid to the mill and that Mr. Lima, the president of the mill, so considered it and allowed him to use the electricity. He denied that he had ever stolen

anything from the manufacturing company. Plaintiff further testified
as to the damage done him by the newspaper publicity, he was black-
listed. He testified to his mental and physical suffering, humiliation,
had a nervous breakdown, had considerable of his property which he
owed money on swept away, by reason of the slander and loss of position
was unable to make payments. He had been working at the mill about
15 or 16 years, for the last 10 years assistant superintendent at a salary
of $2,950.00 a year. Had to leave on account of the charges made against
him. "He caused me to lose my job." Defendant would not allow the
mill employees to patronize his cafe. The plaintiff showed, by numerous
witnesses, that his general reputation was good. The defendant intro-
duced no evidence.

The court below charged the jury the law of slander applicable to the
facts, in part, as follows: "A defamation made by word of mouth tend-
ing to injure or disgrace the person of whom the words are spoken.
In order to constitute slander, the words must not only be false but
must be malicious—and the maliciousness means, gentlemen of the jury,
not always actual malice but the law may imply malice from the words
spoken and the court charges you that when the crime of which the
plaintiff is charged is an infamous crime, such as larceny, that in law
is what is known as words that are actionable *per se,* that is, within
themselves; and where a person charges one with the crime of larceny,
the court charges you, that is an infamous crime and that those words
are actionable *per se* and the court charges you from that the law im-
plies malice, not necessarily ill-will, but it means an act intentionally
and wrongfully done by one person to another without just cause or
excuse and when those facts exist, the court charges you, you may give
compensatory damages to the plaintiff or actual damages. With the
proof of actual damage, the law infers malice and malice implies dam-
age, that is, you may give the plaintiff in compensatory damages, you
may give him the damage of pecuniary loss, for mental and physical
suffering and for humiliation that would naturally follow by one party
making this charge against another. But the court further charges you
that before you can give punitive damages or vindictive damages, which
are sometimes called 'smart money,' that you must find there was actual
malice, ill-will between the parties, or, the words and language must be
uttered under such circumstances as to show total and utter disregard for
the rights of the other party. Under those circumstances the court
charges you, you can render punitive damages, that is damages to punish
the defendant for his conduct, that is what punitive damages are."
*Fields v. Bynum,* 156 N. C., p. 413; *Elmore v. R. R.,* 189 N. C., 658;
*Sawyer v. Gilmers, Inc.,* 189 N. C., 7; *Swain v. Oakey,* 190 N. C., 113;
*Tripp v. Tobacco Co.,* 193 N. C., 614; *Pentuff v. Park,* 194 N. C., 146.

Numerous exceptions and assignments of error are set forth in the record. Rule of Practice in the Supreme Court, part of sec. 28 (192 N. C., p. 853), is as follows: "Exceptions in the record not set out in appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned by him." *In re Fuller,* 189 N. C., 509.

The record of summons, return of notice of appeal to the Superior Court by the justice of the peace, judgment of the Superior Court in case of Savona Manufacturing Company v. A. O. Ferrell, was introduced in evidence by plaintiff. The return shows: "The plaintiff complained through J. E. Siegle, vice-president of the corporation, that the defendant, A. O. Ferrell, was due Savona Manufacturing Company, the sum of $130.00 for electric current used in defendant's dwelling-house and in his cafe. The defendant, in person, denied the indebtedness to Savona Manufacturing Company, the plaintiff, and testified that the current was a gift of the plaintiff corporation. I rendered judgment in favor of Savona Manufacturing Company, plaintiff, against A. O. Ferrell, defendant for $76.00, with interest on $76.00 from 13 April, 1926, until paid, together with $3.60 cost in this action."

The judgment in the Superior Court shows that the verdict of the jury was to the effect "that the defendant was not indebted to plaintiff in any amount." These records were introduced by plaintiff, and defendant, in apt time, excepted and duly assigned error.

"In the jurisdictions where punitive damages are allowed there is a difference of opinion as to the necessity of evidence of actual or express malice to support a finding of such damages, some courts holding that evidence of express malice is necessary; that the injury must result from a wilful wrong or conscious indifference to results. The malice in such cases may be proved directly or indirectly; that is by direct evidence of the evil motive and intent, or by legitimate inference to be drawn from other facts and circumstances in evidence, by evidence of personal ill-will or animosity on the part of the defendant, or may be inferred where the libelous article was recklessly or carelessly published." Newell, Slander and Libel (4 ed.), part sec. 727, p. 816. See *Fields v. Bynum, supra.*

In *Fields v. Bynum, supra,* p. 419, it is said: "His Honor further charged that if the defendant was not actuated by actual malice the plaintiff can recover only compensatory damage. This is a clear and correct statement of the law. Odgers, p. 291; 18 A. & E. Enc., p. 1091, and cases cited; Newell, p. 892."

In *Tripp v. Tobacco Co., supra,* p. 617, it is said: "Punitive, vindictive or exemplary damages, sometimes called smart money, are allowed in cases where the injury is inflicted in a malicious, wanton and reckless

manner. The defendant's conduct must have been actually malicious or wanton, displaying a spirit of mischief towards the plaintiff, or of reckless and criminal indifference to his rights," citing numerous authorities.

The court below charged the jury: "The plaintiff further contends that there was actual malice in this case, says that the defendant was the moving party in prompting this company to sue him for this electricity that they claimed was unlawfully taken and property that they claimed he had unlawfully taken from this company and the plaintiff says he brought this suit to court and failed to sustain it, that the jury found in favor of the plaintiff. Those are circumstances you may take in consideration upon the question of actual malice." The defendant excepted and assigned error to this portion of the charge. The above exception is the only one which defendant, appellant, sets out in his brief and that complies with the rule.

It will be noted that the court below charged the jury that before they could give punitive damages "that you must find there was actual malice," etc. The charge in reference to the record in the civil action, distinctly says: "Those are circumstances you may take in consideration upon the question of *actual malice*." Under the authorities cited *punitive damages* could not be awarded unless *actual malice* was proved. It was said in *Elmore v. R. R.,* 189 N. C., p. 674: "There was no separate issue as to punitive damages, and on the record there is no way of ascertaining if any of the damages awarded plaintiff were punitive." *Harris v. Singletary,* 193 N. C., p. 589. The plaintiff prayed for $10,000 actual damage and $5,000 punitive damages. The plaintiff was awarded $6,750 damages. The defendant requested no separate issue as to punitive damages.

It is incumbent on defendant, appellant, to show error. The exceedingly interesting discussion by the parties to this action in their briefs as to the competency of the evidence in the civil action and the charge of the court below, it is not necessary to consider on the present record. For the reasons given, there is

No error.