### J. H. WORTHY v. R. R. KNIGHT.

(Filed 14 October, 1936.)

**1. Damages D a—**

Punitive damages are allowable only in cases of malicious, wanton, and reckless injury, and may be awarded plaintiff in his suit only if a cause of action exists in his favor which entitles him to nominal damages, at least.

**2. Damages D c—**

The awarding of punitive damages and the amount to be allowed, if any, rests in the sound discretion of the jury within the limitation that the amount shall not be excessively disproportionate to the circumstances of contumely and indignity present in each particular case.

**3. Damages D b—Where evidence shows willful, malicious injury, it is error for court to refuse to submit issue of punitive damages.**

Where punitive damages are sought, the trial court is limited to a determination of whether the evidence is sufficient to support the issue and whether the amount awarded by the jury is excessive, and where there is evidence of an aggravated, criminal assault by defendant on plaintiff, it is error for the trial court to refuse to submit the issue of punitive damages to the jury.

APPEAL by plaintiff from *Cranmer, J.,* at July Term, 1936, of LEE.

Civil action to recover damages for alleged willful and malicious assault.

Plaintiff's evidence tends to show that on 11 January, 1936, he was opening a road on his own land, under order of court, east of the dividing line between his land and the adjoining land of the defendant. "Mr. Knight came up and wanted it laid off so the whole road would be east of the line claimed by him before we agreed on the line."

An argument ensued, and when plaintiff's back was turned, the defendant grabbed him by the arm and plaintiff fell, his feet having become entangled in some wire fencing. Plaintiff got up and ran about seventy-five yards, when he was overtaken by the defendant, struck 20 or 25 times, knocked down, and his nose broken. Plaintiff testified: "I was doing nothing to Mr. Knight when he assaulted me. Made no fight at him at all. It all occurred on my land."

The defendant's version is slightly different. He first fancied some provocation, then said: "I chased him across the muddy field about 75 yards. Worthy fell and I struck him once and possibly twice, not more than twice. He was kicking and fighting at me. I hit him with my fist."

The jury awarded the plaintiff compensatory damages in the sum of $40.00. The court declined to submit an issue as to punitive damages (exception), and charged the jury that in no event would they award the plaintiff more than compensatory damages. Exception.

Plaintiff appeals, assigning errors.

*K. R. Hoyle for plaintiff, appellant.*
*Gavin & Jackson for defendant, appellee.*

STACY, C. J. The doctrine of punitive damages occupies a rather anomalous position in our law.

In the first place, such damages are not recoverable as a matter of right. *Hodges v. Hall,* 172 N. C., 29, 89 S. E., 802. They are allowable only in cases of malicious, wanton, and reckless injury; and, even then, they go to the plaintiff merely because they are assessed in his suit. *Cotton v. Fisheries Co.,* 181 N. C., 151, 106 S. E., 487; *Osborn v. Leach,* 135 N. C., 628, 47 S. E., 811; *Waters v. Lumber Co.,* 115 N. C., 648, 20 S. E., 718.

Second: Punitive damages may not be awarded unless otherwise a cause of action exists and at least nominal damages are recoverable by the plaintiff. *Saunders v. Gilbert,* 156 N. C., 463, 72 S. E., 610; *Blow v. Joyner,* 156 N. C., 140, 72 S. E., 319. In other words, a civil action may not be maintained *merely* to inflict punishment or to collect punitive damages. *Saunders v. Gilbert, supra.* Compare *Gray v. Lentz,* 173 N. C., 346, 91 S. E., 1024 (statutory penalty).

Third: Both the awarding of punitive damages and the amount to be allowed, if any, rest in the sound discretion of the jury, *Cobb v. R. R.,*

175 N. C., 130, 95 S. E., 92, albeit, the amount assessed is not to be excessively disproportionate to the circumstances of contumely and indignity present in each particular case. *Ford v. McAnally,* 182 N. C., 419, 109 S. E., 91; *Blow v. Joyner, supra; Billings v. Observer,* 150 N. C., 540, 64 S. E., 435; *Webb v. Tel. Co.,* 167 N. C., 483, 83 S. E., 568; *Gilreath v. Allen,* 32 N. C., 67.

Primarily, then, the court is concerned with only two questions: (1) Whether there is any evidence to be submitted to the jury; and (2) whether the award is excessive. The balance is for the twelve. *Tripp v. Tob. Co.,* 193 N. C., 614, 137 S. E., 871.

The foregoing epitome of the law, as it obtains in this jurisdiction, may be gleaned from the following authorities: *Lay v. Pub. Co.,* 209 N. C., 134, 183 S. E., 416; *Bonaparte v. Funeral Home,* 206 N. C., 652, 175 S. E., 137; *Perry v. Bottling Co.,* 196 N. C., 690, 146 S. E., 805; *Ferrell v. Siegle,* 195 N. C., 102, 141 S. E., 474; *Picklesimer v. R. R.,* 194 N. C., 40, 138 S. E., 340; *Tripp v. Tob. Co., supra; Baker v. Winslow,* 184 N. C., 1, 113 S. E., 570; *Hodges v. Hall, supra; Saunders v. Gilbert, supra; Brame v. Clark,* 148 N. C., 364, 62 S. E., 418; *Ammons v. R. R.,* 140 N. C., 196, 52 S. E., 731; *Jackson v. Tel. Co.,* 139 N. C., 347, 51 S. E., 1015; *Osborn v. Leach, supra; Chappell v. Ellis,* 123 N. C., 259, 31 S. E., 709; *Remington v. Kirby,* 120 N. C., 320, 26 S. E., 917. Whether this is the result of a consistent or satisfactory philosophy, we need not now pause to debate. 8 R. C. L., 579; 17 C. J., 968. It would serve no useful purpose. Suffice it to say, it is thoroughly established by the pertinent decisions, though the doctrine may be repudiated in some jurisdictions. 17 C. J., 969.

In the case at bar, there is evidence of an aggravated, criminal assault. This calls for an issue of punitive damages to be submitted to the jury. *Saunders v. Gilbert, supra; Sowers v. Sowers,* 87 N. C., 303; *Pendleton v. Davis,* 46 N. C., 98; *Causee v. Anders,* 20 N. C., 388.

New trial.