### L. M. BURRIS v. GROVER CREECH ET AL.

(Filed 5 November, 1941.)

**1. Nuisance § 3—**

Allegations and evidence to the effect that defendant erected a solid sheet metal fence seven feet high on his land, which shut out the light, air, and view from plaintiff's house on the adjoining property, and that the fence was of no beneficial use to defendant, but was erected and maintained solely for the purpose of annoying plaintiff, *is held* sufficient to take the case to the jury and to warrant an abatement of the nuisance under authority of *Barger v. Barringer,* 151 N. C., 433.

**2. Nuisance § 4—**

Where plaintiff establishes a cause of action to abate a "spite fence," but fails to show any personal pecuniary loss sustained by him up to the time of the institution of the action, plaintiff is not entitled to recover damages notwithstanding evidence that the value of his property was depreciated by the erection of the fence, since such depreciation in value would be obviated by the abatement of the nuisance and would be germane only if defendant acquired a permanent easement for the maintenance of the fence.

**3. Damages § 7—**

Where plaintiff establishes that defendant erected a "spite fence," entitling plaintiff to have the nuisance abated, but fails to prove any actual pecuniary damage to himself resulting up to the time of the institution of the action, the submission of an issue of punitive damages is error.

APPEAL by defendant, Grover Creech, from *Clement, J.,* at June Term, 1941, of CABARRUS.

Civil action to recover damages for an alleged malicious injury and to abate a nuisance.

The defendants, as tenants by the entirety, own a corner lot in the city of Concord which fronts on Buffalo Street and runs along Anne Street about 128 feet. There is a storehouse on the front of the lot extending back about forty feet and the rest of the lot is vacant.

The plaintiff and his wife, as tenants by the entirety, own an adjoining lot which fronts on Buffalo Street and runs back about the same distance as defendants' lot. There is a storehouse on the front of this

lot and a tenant dwelling house in the rear with a driveway from Buffalo Street to the dwelling house.

The vacant portion of defendants' lot lies between Anne Street and the dwelling house on the rear of plaintiff's lot. This dwelling house is 20 or 21½ feet from the dividing line of the two properties.

In February, 1941, the defendant, Grover Creech, erected along the dividing line and extending from the rear of his storehouse to the end of his lot, a solid sheet metal fence approximately 72 feet long and 7 feet high, which shuts out the light, air and view of plaintiff's house and causes the sunlight, at certain hours of the day, to be reflected on plaintiff's house to the annoyance and inconvenience of the occupants. On the allegations of the complaint, the plaintiff characterizes it as a "spite fence."

There is evidence tending to show ill will or anger on the part of Grover Creech toward the plaintiff, and that he erected the fence in question for the sole purpose of injuring his neighbor. The defendant testified that he built the fence to keep garbage trucks and trespassers from going across his land.

The plaintiff offered evidence tending to show that the market value of his property has been adversely affected from $300 to $600 by the erection of the fence.

Plaintiff's tenant testified that she paid a monthly rent of $15 before the erection of the fence and that she has continued to pay the same amount of rent since its erection.

The jury returned the following verdict:

"1. Was the sheet metal fence referred to in the pleadings erected by the defendant, Grover Creech, out of malice and for the sole purpose of injuring the plaintiff in the use of his property? Answer: 'Yes.'

"2. What amount, if any, of actual damages is the plaintiff entitled to recover of the defendant, Grover Creech? Answer: '$258.00.'

"3. What amount, if any, of punitive damages is the plaintiff entitled to recover of the defendant, Grover Creech? Answer: '$465.00.' "

From judgment on the verdict that plaintiff recover the damages assessed, the defendant appeals, assigning errors.

*R. Furman James for plaintiff, appellee.*
*Hartsell & Hartsell for defendants, appellants.*

STACY, C. J. The law as it pertains to a "spite fence" was thoroughly pounded and hammered by this Court in *Barger v. Barringer,* 151 N. C., 433, 66 S. E., 439. Nothing can be added to the discussion there had by *Brown* and *Hoke, JJ.,* the one speaking for the majority, the other for the minority. The subject was exhausted in that debate. The case was

later distinguished in *Bell v. Danzer,* 187 N. C., 224, 121 S. E., 448. See 22 Am. Jur., 546; 11 R. C. L., 877; *Hornsby v. Smith,* 13 S. E. (2d), 20, 113 A. L. R., 684.

Without undertaking to thrash over old straw, or "to beat the same old brush with the same old stick to run out the same old rabbit for another chase," as the late *Justice Brogden* would say, *Meece v. Com. Credit Co.,* 201 N. C., 139, 159 S. E., 17, perhaps it is enough to observe that the present facts appear to be sufficient to carry the case to the jury on the first issue under authority of the Barger decision, and to warrant an abatement of the nuisance. The complaint follows the definition of a "spite fence," *i.e.,* that it is of no beneficial use to the owners and was erected and is maintained by them solely for the purpose of annoying the plaintiff. 22 Am. Jur., 546.

The answers to the second and third issues are not supported by the record. There is no evidence that the plaintiff has suffered any pecuniary loss or personal discomfort, albeit his tenant may have been annoyed or inconvenienced. True, there is testimony to the effect that the market value of plaintiff's property has been affected by the fence in question, but this is on the theory of a permanent easement. An abatement of the nuisance would alleviate the damage, and no intervening loss has been established. Moreover, plaintiff's wife, as one of the tenants by the entirety, would be a desirable, if not a necessary party, where an easement is to pass on the payment of permanent damages. *Hooker v. R. R.,* 156 N. C., 155, 72 S. E., 210.

It is not thought the case is one in which punitive damages should be awarded. *Worthy v. Knight,* 210 N. C., 498, 187 S. E., 771; 22 Am. Jur., 548.

It results, therefore, that the second and third issues will be stricken out and an order of abatement entered on the answer to the first issue. Judgment accordingly.

Error and remanded.