MAGGIE GASKINS ET AL. v. K. C. SIDBURY.

(Filed 21 May, 1947.)

**1. Alteration of Instruments § 2—**

Where a grantee, prior to registration of a deed, fraudulently alters the description so as to include within its terms a greater quantity of land, grantor may not waive the fraud and recover the value of the additional land and at the same time recover damages for the fraud, but her remedy is an action to remove cloud from the title to that part of the land not covered by her deed and for damages for the consequent injuries.

**2. Damages § 7—**

Punitive damages may not be awarded where plaintiff is not entitled to recover any actual damages.

**3. Actions § 3c—**

Fraud gives rise to rights in favor of the defrauded but not in favor of the defrauder, since no one is permitted to found a claim on his own wrong.

**4. Appeal and Error § 47—**

Where a case has been tried on an erroneous theory of law the verdict will be set aside and the judgment vacated and the cause remanded for proper procedure.

APPEAL by defendant from *Burney, J.,* at October Term, 1946, of NEW HANOVER.

Civil action to recover damages for fraudulent alteration of deed.

The *feme* plaintiff alleges that for a number of years she owned a lot of land in New Hanover County, with a frontage of 70 feet on Highway No. 17; that on 8 April, 1943, she sold one-half of this tract, with a frontage of 35 feet on the highway, to the defendant and duly executed and delivered to him deed therefor; that after delivery of said deed, and before its registration, the defendant fraudulently changed the description therein so as to take in all of her property and more—the call for 35 feet on the highway being changed to 80 feet and a corresponding change being made in the call at the other end of the lot, and that as a consequence, the *feme* plaintiff has lost the balance of her land and otherwise suffered injury. Wherefore, she demands actual and punitive damages.

Upon denial of the allegations of the complaint, and issues joined, the jury awarded the plaintiff $300 actual damages—the value of the balance of her land—and $1,000 punitive damages.

From judgment on the verdict, with provision incorporated therein adjudging the defendant to be the owner of all the land originally owned by the *feme* plaintiff in New Hanover County, the defendant appeals, assigning errors.

*Addison Hewlett, Jr., and Solomon B. Sternberger for plaintiffs, appellees.*

*Clayton C. Holmes for defendant, appellant.*

STACY, C. J.  It appears that the plaintiffs have misconceived their rights and remedies.

It will not do to say the *feme* plaintiff may waive the fraud and recover the value of the land which the defendant sought by alteration to include in the deed, and at the same time recover damages for the fraud.  No deed has been executed by her for the balance of her land and she still has title thereto.  *Perry v. Hackney,* 142 N. C., 368, 55 S. E., 289; 16 Am. Jur., 643.  Indeed, she may have seizin and legal title to all the land described in the paper-writing.  *Respass v. Jones,* 102 N. C., 5, 8 S. E., 770.

What the *feme* plaintiff needs is to reform her complaint with a view of removing the cloud from the title to that part of the land not covered by her deed, and demanding damages for the consequent injuries.  *Waldron v. Waller,* 65 W. Va., 605, 64 S. E., 964, 32 L. R. A. (N.S.), 284.  The only actual damages awarded by the jury was the value of the balance of her land.  She is not entitled to such a recovery on the instant record.  Nor can the verdict on the issue of punitive damages presently be sustained.  *Worthy v. Knight,* 210 N. C., 498, 187 S. E., 771; *Tripp v. Tobacco Co.,* 193 N. C., 614, 137 S. E., 710; *Webb v. Telegraph Co.,* 167 N. C., 483, 83 S. E., 568; *Burris v. Creech,* 220 N. C., 302, 17 S. E. (2d), 123; 22 Am. Jur., 548.

We are not now concerned with the defendant's executory rights, whatever they may be, under the altered deed.  1 Devlin, Deeds, Sec. 460; *Burgess v. Blake,* 128 Ala., 105, 28 So., 963, 86 Am. St. Rep., 78.  Certainly he has no claim thereunder to any land sought to be included by the alteration.  Out of frauds arise rights in favor of the defrauded, but not in favor of the defrauder.  No one is permitted to found a claim on his own wrong.  *Byers v. Byers,* 223 N. C., 85, 25 S. E. (2d), 466.

The case has been tried on an erroneous theory of law.  Where this occurs, the practice is to remand it for another hearing.  To this end the verdict will be set aside, the judgment vacated, and the cause re-

manded for such further proceedings as to justice appertains and the rights of the parties may require.

New trial.